UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| CORNELIUS A. BROWN, #212722, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:08-cv-151 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| LLOYD RAPELJE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus proceeding brought *pro se* by a state prisoner under 28 U.S.C. § 2254. On August 8, 2001, an Ingham County Circuit Court jury found petitioner guilty of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The jury determined that petitioner shot and killed Ms. Shemika Rogers on December 15, 1999. On October 10, 2001, Judge Lawrence M. Glazer sentenced petitioner to 50-to-75 years' imprisonment on the murder conviction, and a consecutive two-year term on the firearm conviction. On February 12, 2008, petitioner filed a petition seeking federal habeas corpus relief on the following grounds:

I.      Prosecutor violated petitioner's due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963) by suppressing exculpatory ballistics evidence and information regarding the title to the Range Rover in which Shemika Rogers had been shot;

II.     Erroneous Admission of testimony from Mrs. Penny Ousley, regarding a "prior consistent statement" made by her daughter, Amber Speed;

III.    Ineffective Assistance of appellate counsel in counsel's violation of Mich. Ct. R. 7.212(c)(7) when counsel failed to cite legal authority in support of an argument that witness testimony regarding the weapon observed in petitioner's hands was irreparably tainted because the police had shown the witness a rifle;

IV.   Prosecutorial misconduct where the prosecutor and Sergeant Pope, the prosecution's ballistics expert, "used intentional deception, misrepresentation of fact and facts not in evidence to argue that scientific proof proved that the victim was killed by a Hi-point Model 995 9 mm carbine, when no such proof existed"; and

V.    Insufficiency of the evidence to support petitioner's second degree murder conviction under the *Jackson v. Virginia* 443 U.S. 307 (1979) standard because the prosecution failed to prove that the weapon allegedly possessed by petitioner caused the victim's death.

(Petition, docket # 1).

        The matter is now before the court on three motions by petitioner: (1) a motion for leave to file an amended petition (docket # 13); (2) a motion for discovery (docket # 17); and (3) a motion to substitute Lloyd Rapelje, warden of the Saginaw Correctional Facility (SRF), petitioner's current place of incarceration, as the respondent.  (docket # 16).  For the reasons stated herein, petitioner's unopposed motion to substitute Warden Rapelje for Warden Lafler as the named respondent will be granted.  Petitioner's other motions will be denied.

## Discussion

### A.    Motion for Leave to Amend Petition

        On March 13, 2008, petitioner filed a motion for leave to amend his petition.  (docket # 13).  Petitioner seeks leave to amend his petition to assert an additional ground claiming that Judge Beverly Nettles-Nickerson violated "various Articles of this State's Constitution" by "attempt[ing] to erroneously dismiss Petitioner's 6.500 [p]leadings."  (*Id.* ¶ 15).  Petitioner argues that Judge Nettles-Nickerson violated his rights, including his "Federal Due Process Rights" by "placing inadequately reviewed cases on the 'no progress docket' to el[]ude proper review."  (*Id.* at 9-10).  A state circuit court's "no progress" docket is governed by Rule 2.502 of the Michigan Court Rules,

which allows state-court judges to dismiss cases without prejudice after ninety-one days of inactivity. The Ingham County Circuit Court never dismissed petitioner's Rule 6.500 motion for lack of progress. Petitioner's motion was temporarily dismissed on March 11, 2005, as a "successive" motion, but on May 27, 2005, the circuit court notified petitioner that its March 2005 order had been entered in error, and that petitioner's motion for relief from judgment remained pending before the Ingham County Circuit Court. On September 23, 2005, Judge Nettles-Nickerson denied petitioner's Rule 6.500 motion in a nine-page opinion and order.

A motion to amend a habeas petition is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 ¶ 3; *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978). Although the court is directed to grant leave to amend freely, the right to amend is not unlimited. The court therefore has discretion to deny leave to amend in a habeas case when the proposed amendment would be futile. *See Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001).

Improper application of a state court rule regarding the processing of a motion for state post-conviction relief is not an independent ground for federal habeas corpus relief. The Sixth Circuit has consistently held that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *see Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986). The states are not constitutionally required to afford any method of post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Even if a petitioner is able to establish an error in post-conviction proceedings, this would not undermine the validity of his conviction or entitle him to release from confinement. *Cress*, 487 F.3d at 853. Petitioner's proposed amendment therefore fails to state a claim for habeas corpus relief. *See Greer v. Mitchell*, 264 F.3d 667, 681 (6th Cir. 2001) (habeas corpus cannot be used to challenge errors in

post-conviction proceedings).  Petitioner's motion for leave to amend the petition will be denied on

the ground of futility.[1]

**B.    Motion for Discovery**

On August 14, 2004, plaintiff filed the "Rule 6(a) motion for discovery." (docket #

17).  It is well established that a habeas petitioner "is not entitled to discovery as a matter of ordinary

course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Discovery is only allowed if the court, in its

discretion, finds "good cause" to allow it.  RULES GOVERNING § 2254 CASES IN THE UNITED STATES

DISTRICT COURTS 6(a); *see Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *see also Beuke

v. Houk*, No. 96-3050, 2008 WL 3351168, at * 26 (6th Cir. Aug. 13, 2008).

1.    <u>Discovery Requests Regarding Judge Nettles-Nickerson's "No Progress" Docket</u>

The catalyst for petitioner's motion for discovery  is an order dated June 13, 2008,

from the Michigan Supreme Court removing Judge Beverly Nettles-Nickerson from her office for

misconduct.  The grounds for removal included the judge's improper listing of cases on her "no

progress" docket, resulting in premature dismissal of several cases.  (docket # 17 at 2) (citing *In re

Nettles-Nickerson*, 750 N.W.2d 560, 561 (Mich. 2008)).  Petitioner seeks discovery of all of the

following:

---

[1]Apparently, petitioner also seeks to rely on alleged improprieties in post-conviction proceedings as a ground to undermine the statutory presumption of correctness under 28 U.S.C. § 2254(e)(1) to any factual findings made by Judge Nettles-Nickerson in connection with her decision denying his Rule 6.500 motion.  (docket # 13 at 1, 4, 10).  The court is not free to disregard the statute or the judge's findings.  Petitioner must identify the specific factual findings made by Judge Nettles-Nickerson that he is challenging, and present "clear and convincing evidence" rebutting the correctness of those findings.  28 U.S.C. § 2254(e)(1).

1.  "[O]riginals or certified copies of **all cases** placed in Judge Nettles-Nickerson's **'No Progress Docket Files'**, and their accompanying Technical Records; Charging Papers; Clerk Files; Motion Files; Briefs & Motions; Clerk Correspondence Files and Docket Sheets, from the years of **2004-05**, that were under the supervision of Judge Nettles-Nickerson and Ms. Kay Kirkpatrick."

2.  "[C]opies of **any** and **all** Memorandums; Notes; Letters and/or Documented Records discussing this matter between Judge Nettles-Nickerson, Ms. Kay Kirkpatrick and Ms. Kay Taylor during the time stated above or any time thereafter."

3.  "**[A]ny** and **all** Briefs; Transcripts; Motions; a copy of **Ex. 112** Judge Nettles-Nickerson's **2005 Date Book**; a copy of **Ex. 58** State Court Administrator Easterday's Spreadsheet on Judge Nettles-Nickerson's **2005 Vacation Days** and or any testimonial colloquies submitted during **any** proceedings covering the topic of **'No Progress Docket Files'**, that was presented during Judge Nettles-Nickerson's Judicial Tenure Commission and Michigan Supreme Court Proceedings."

(docket # 17 at 2). No discovery is appropriate at this juncture, much less the wholesale repetition of the Michigan Judicial Tenure Commission proceedings that petitioner apparently envisions.

Respondent's response is not due until September 1, 2008. (3/4/08 Order, docket # 6). Petitioner anticipates that respondent will argue that his habeas corpus petition is barred by the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The possibility that respondent might invoke a statute of limitations defense is not a basis for granting petitioner's discovery requests.

Assuming *arguendo* that respondent asserts a statute of limitations defense, it does not appear that this petition is time-barred. 28 U.S.C. § 2244(d)(1). On October 14, 2003, the Michigan Court of Appeals affirmed petitioner's convictions in an unpublished, *per curiam* decision. (docket # 1, Ex. A). The Michigan Supreme Court denied petitioner's application for leave to appeal on February 27, 2004. (*Id.*, Ex. C). Petitioner's conviction became final on May 28, 2004, when his ninety-day period within which to file an application for a writ of *certiorari* from the Supreme Court of the United States expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). On January

-5-

28, 2005, 246 days after the statute of limitations began to run, petitioner filed a Rule 6.500 motion for relief from judgment in Ingham County Circuit Court.  (docket # 17, Ex. E)[2].  On March 11, 2005, the court entered an order temporarily dismissing the motion for relief from judgment on grounds that the motion had been "successive" (docket # 17, Ex. B), but on May 27, 2005, the court advised petitioner the March 11, 2005 order had been entered in error, and that petitioner's motion remained pending before the court.  (*Id.*, Ex. C).  On September 23, 2005, the court entered its opinion and order denying petitioner's motion for relief from judgment.  (docket # 1, Ex. G; docket # 17, Ex. D).  On May 18, 2007, the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal.  (docket # 1, Ex. K).  On November 29, 2007, the Michigan Supreme Court entered its order denying petitioner's application for leave to appeal.  (docket # 1, Ex. M).  Petitioner filed his application for federal habeas corpus relief on February 12, 2008, with 321 days of the one-year limitations period having expired.

It does not appear that this petition is barred by the statute of limitations. Consequently, extensive discovery into the circuit judge's "no progress" practices is irrelevant, as

---

[2]Petitioner argues that he filed his motion for relief from judgment on August 10, 2004. (docket # 17 at 5).  Petitioner signed a letter addressed to the Ingham County Court Clerk on August 10, 2004.  (docket # 1, Ex. AA). The docket sheet excerpt petitioner submitted  (docket # 17, Ex. E) does not indicate that petitioner filed any motion in Ingham County Circuit Court on or about August 10, 2004.  However, the docket sheet does include a reference an October 6, 2004 letter from the court to petitioner regarding his "Motion for Relief From Judgment, Request for Ballistics Expert, etc."  This  letter states, "Because of procedural deficiencies with your motions, the Judge will not render a decision.  Your motions have not been dismissed; however, you will need to take additional steps before your motions are considered."  (docket # 17, Ex. F).  Thus, it is possible that fewer than 246 days may have run before petitioner filed his Rule 6.500 motion for relief from judgment, but this court's preliminary determination that his federal habeas petition was timely, and its finding that there is no basis for ordering discovery, remain unaltered.

-6-

it has no bearing on any issue in the case.  The court does not find "good cause" to order the discovery petitioner requests.

       2.     <u>Discovery Requests Regarding Ballistics Evidence</u>

       Petitioner seeks an order compelling the deposition of the prosecution's ballistics expert who testified at petitioner's trial, and production of the following documents:

> [O]riginal and/or clean copies of the following:
>
> **Any** and **all** Ballistic Reports; Underlying Notes and Records; Fragmentary Notes; Work Product; Evidence Log Sheets and/or the complete Case Files in the possession of the Michigan State Police Department's Firearms and Explosives Unit, regarding **Laboratory #2323-99; Record #0001569 & 0000011; Bin # 27; File Class #900-1** and submitted under **Agency #99-23781** identifying and/or describing the **Class Rifling Characteristics** and **Unique Land and Groove Impression Measurements** on **<u>every</u>** piece of Bullet or Fragment evidence tested, reviewed, analyzed or observed by Sgt. Reinhard R. Pope in regards to this case, and under the above listed identification numbers.

(docket # 17 at 8).  Sergeant Pope testified as at petitioner's trial and was subjected to cross-examination.  Petitioner has filed numerous ballistics-related documents as exhibits in support of his petition (docket # 1, F1, G1, K1, L1, FF, GG) and in support of his motion for discovery (docket # 17, Exs. G-N). A habeas proceeding is not the occasion to retry the criminal case, and discovery addressed to factual issues decided at trial is improper.  *See Stanford*, 266 F.3d at 460.  The court does not find good cause to allow the requested discovery.  Petitioner's motion (docket # 17) will be denied.

**C.**      **Motion to Substitute Lloyd Rapelje for Blaine C. Lafler**

       On February 12, 2008, petitioner was an inmate at the Carson City Correctional Facility (DRF), and accordingly his habeas corpus petition named the prison's warden, Blaine C.

Lafler as the respondent.  Petitioner's current place of incarceration is the Saginaw Correctional Facility (SRF).  (Change of Address, docket # 15).  On August 14, 2008, petitioner filed a motion under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts seeking to substitute Lloyd Rapelje, SRF's warden, in place of Blaine C. Lafler as the respondent. Petitioner's motion (docket # 16) will be granted.


Dated:   August 26, 2008                          /s/  Joseph G. Scoville
                                                  United States Magistrate Judge