UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS BROWN,
   Petitioner,

               No. 1:08-cv-151

-v-

               HONORABLE PAUL L. MALONEY

LLOYD RAPELJE,
   Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Cornelius Brown, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge issued a report (Dkt. No. 81) recommending the petition be denied. Brown (Petitioner) filed objections. (Dkt. No. 82.)

STANDARD OF REVIEW[1]

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo*

---

[1] Petitioner cites the standard of review for orders issued by the magistrate judge regarding nondispositive matters, rather than the standard of review for reports and recommendations issued by the magistrate judge regarding dispositive matters. *Compare* Fed. R. Civ. P. 72(a) *with* Fed. R. Civ. P. 72(b).

[2] The court rule has been amended to allow fourteen days to file objections. Petitioner's objections were timely filed under the version of the rule allowing for ten days.

review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

Petitioner advances five claims. The magistrate judge reviewed the merits of each claim and recommends denying each and denying the petition. With one exception, which is noted below, Petitioner filed specific objections to each of the magistrate judge's recommendations. Accordingly, this court reviews each claim to which objections have been filed *de novo*.

A. SUPPRESSION OF EXCULPATORY EVIDENCE

1. BALLISTICS EVIDENCE

The magistrate judge concludes Petitioner has not established that any ballistics evidence was either favorable to the defense or was suppressed by the government. Petitioner objects. Petitioner argues the expert witness failed to disclose the unique lands and grooves impression measurements from the bullets. Petitioner argues the measurements taken from the bullets undermine the one-shooter theory presented by the prosecutor.

Petitioner's objection is OVERRULED. Having reviewed the record *de novo*, the court finds the report factually complete and the recommendations well-reasoned. The magistrate judge's

discussion of Sergeant Pope's testimony and the content's of his post-trial letter to Petitioner are accurate. The court agrees that the information in the letter is consistent with the testimony offered at trial. Petitioner has not established that the numbers handwritten on the top of a photographed page were either exculpatory or suppressed so as to merit habeas relief. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

2. VEHICLE

The magistrate judge concludes Petitioner has not established that the failure to preserve the vehicle, in which the victim was found, was materially prejudicial. Petitioner objects. Petitioner argues the magistrate judge only analyzed his claim under *Arizona v. Youngblood*, 488 U.S. 51 (1988) and failed to analyze his claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner's objection is OVERRULED. Having reviewed the record *de novo*, the court finds the report accurately and completely summarizes the relevant law. *Brady* dealt with the suppression of potentially exculpatory evidence, while *Youngblood* dealt with the destruction of potentially exculpatory evidence. Petitioner does not object to the magistrate judge's resolution of the claim under *Youngblood*. Petitioner's claim does not fall under *Brady* because the evidence related to the vehicle was not suppressed. *See Youngblood*, 488 U.S. at 55-56 ("There is no question but that the State complied with Brady and Augurs here. The State disclosed relevant police reports to respondent, which contained information about the existence of the swab and the clothing, and the boy's examination at the hospital."). Petitioner has not identified what potentially exculpatory information the government had, related to the vehicle, that was not disclosed. Petitioner's objection identifies only evidence that was not collected before the vehicle was sold. Such a claim falls under *Youngblood*, not *Brady*. Accordingly, this portion of the report is ADOPTED as the opinion of the

court.

B. ADMISSION OF HEARSAY EVIDENCE

At trial, the court admitted testimony from Ms. Ousley, who stated that her daughter, Ms. Speed, identified Petitioner as the shooter. The magistrate judge identifies multiple reasons why Petitioner is not entitled to habeas relief on this claim: (1) Petitioner's authority is not applicable, (2) challenges to the application of the state's rules of evidence are not cognizable on habeas review, (3) the testimony was not fundamentally unfair, and (4) any potential error was harmless because of the overwhelming evidence of guilt. Petitioner objects.

Petitioner's objection is OVERRULED. Having reviewed the record *de novo*, the magistrate judge's reasoning and conclusions are factually and legally sound. Even if Petitioner were able to establish that the decision to allow the testimony was in error, Petitioner has not demonstrated that the ruling was sufficiently egregious so as to deny him a fair trial. *See Daniels v. Lafler*, 192 F.App'x 408, 419-20 (6th Cir. 2006). Petitioner has not shown that the absence of the allegedly improper testimony would have affected the outcome of the trial (*Id.* at 419 (quoting *Gee v. Groose*, 110 F.3d 1346, 1350 (8th Cir. 1997)) or that the evidence was "a crucial, critical, highly significant factor in [his] conviction" (*Id.* (quoting *Jacobs v. Singletary*, 952 F.2d 1282, 1296 (11th Cir. 1992)). Accordingly, this portion of the report is ADOPTED as the opinion of the court.

C. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The magistrate judge identifies two claims in the petition, first, that appellate counsel's brief abandoned certain issues and second, that the presentation of issues was insufficiently persuasive. The magistrate judge concludes the two claims for ineffective assistance of appellate counsel are meritless. Petitioner accepts the magistrate judge's conclusions on the abandonment of issues claim.

Accordingly, this portion of the report is ADOPTED as the opinion of the court. Petitioner objects to the magistrate judge's resolution of the claim for ineffective presentation. Petitioner has identified three separate instances where appellate counsel was ineffective. The record has been reviewed *de novo* for each of these three instances.

Petitioner's objections are OVERRULED. For each instance of alleged ineffectiveness of appellate counsel, the magistrate judge carefully and succinctly explains why the specific instance does not establish a claim for ineffective assistance. The court finds this portion of the report factually accurate and the conclusions legally sound. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

### D. PROSECUTORIAL MISCONDUCT

The magistrate judge properly concludes the prosecutorial misconduct claim is merely a reworded claim regarding the ballistics evidence. Petitioner's objection confirms this conclusion. Petitioner's objection is OVERRULED. This portion of the report accurately explains why the claim must fail. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

### E. INSUFFICIENT EVIDENCE OF CAUSE OF DEATH

The essence of Petitioner's claim is that the state never proved, beyond a reasonable doubt, that the bullets fired from his gun were the cause of the victim's death. A crucial assumption of this assertion is that there were two shooters. The magistrate judge concludes the state court's decision did not constitute an unreasonable application of Supreme Court precedent. Petitioner objects. Petitioner argues the prosecution never established that his conduct caused the death of the victim.

Petitioner's objection is OVERRULED. As the Michigan Court of Appeals and the magistrate judge noted, elements of the crime may be established through circumstantial evidence.

5

The two courts summarized the evidence from which a reasonable person could infer that Petitioner's act caused the victim's death. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

CONCLUSION

Having found that the record supports the factual and legal conclusions in the R&R, the R&R (Dkt. No. 81) is ADOPTED, over objections, as the opinion of the court. The petition for writ of habeas corpus is DENIED.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). The court has reviewed the record for the purpose of issuing a certificate of appealability. The court concludes reasonable jurists would not disagree with this court's disposition of the issues. Petitioner has not established that the ballistics evidence was

suppressed or exculpatory. Petitioner conceded his *Youngblood* claim relating to the vehicle and *Brady* does not provide a separate basis for granting the relief requested. Petitioner's hearsay claim fails for multiple reasons. As explained in the report and recommendation, now adopted as the court's opinion, Petitioner's ineffective assistance of appellate counsel argument is meritless.

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 81) is **ADOPTED**, over objections, as the opinion of the court.

2. The petition for writ of habeas corpus is **DENIED**.

3. A certificate of appealability is **DENIED**.

Date: June 16, 2010                                        /s/ Paul L. Maloney
                                                                                             Paul L. Maloney
                                                                                             Chief United States District Judge