UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIUS BROWN,
        Petitioner,

                              No. 1:08-cv-151

-v-

                              HONORABLE PAUL L. MALONEY

LLOYD RAPELJE,
        Respondent.

ORDER DENYING MOTION FOR EXPANSION OF THE RECORD

Cornelius Brown, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge has reviewed the petition and issued a report recommending the petition be denied. Brown (Petitioner) has filed objections. Since Petitioner filed his objections, he filed a motion for expansion of the record. (Dkt. No. 84.)

Petitioner was convicted of second degree murder. At his trial, a ballistics expert testified for the government. The expert concluded, based on the examination of bullet fragments, that there were only two weapons, a Hi Point rifle and a .38 Charter Arms revolver, that could have been used to fire the bullets. Based on other evidence at the crime scene, the expert concluded the weapon used was the rifle rather than the revolver. After his trial, Petitioner corresponded with the expert and the expert responded to Petitioner's letter. Petitioner has since written other forensic scientists and received a response from one. (Dkt. No. 84-3.) Based on the information provided by Petitioner, one forensic scientist states "I do find some inconsistencies in regard to the firearm evidence in what you mention about your case." (*Id.*) After recommending Petitioner hire an attorney to review the case, the forensic scientist concludes "If [the lawyers] finds there is merit,

then I could be retained for my services, (by your attorney) as an expert, so that I may review the physical evidence and/or testify as to my findings." (*Id.*)

Petitioner seeks to expand the record under Rule 7(a) and (b) of the Federal Rules Governing Section 2254 cases. The decision to grant or deny a motion to expand the record in habeas cases lies within the district court's discretion. *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). Generally, a federal court reviewing a habeas petitioner may not examine evidence not presented in state court unless the petitioner can establish that (1) he diligently sought to develop the claim in state court, or (2) he satisfies the conditions provided in 28 U.S.C. § 2254(e)(2). *Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007). Assuming, for the sake of argument only, that Petitioner can satisfy the requirements for expanding the record, the document Petitioner seeks to include in the record is not relevant to addressing the merits of his petition. The forensic scientist *does not* state that Petitioner's ballistics evidence claim has merit. The forensic scientist does not identify what the alleged inconsistencies are, or how they might impact the disposition of the issue. The forensic scientist does state that he would need to review the physical evidence presented. The letter Petitioner received does not contradict or undermine any of the conclusions advanced in the report and recommendation and does not establish the need for an evidentiary hearing.

Accordingly, Petitioner's motion (Dkt. No. 84) to expand the record is DENIED. IT IS SO ORDERED.

Date: June 16, 2010  /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                  Chief United States District Judge